UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DHEKRA MUFADHAL,

                    Plaintiff,

v.

CITIMORTGAGE, INC. and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                    Defendants,
_____/

CASE NO. 2:12-CV-10251
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

## SCHEDULING ORDER REGARDING DEFENDANTS' JULY 17, 2012 MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. Ent. 8)

**A.    Background**

**1.**    On January 30, 2004, Mujahed T. Elhady and his wife, Dhekra Mufadhal, granted Flagstar Bank a mortgage on the property known as 15138 Colson, Dearborn, Michigan for consideration of $154,000.00. The mortgage lists Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee. Doc. Ent. 8-2.

On April 20, 2010, the mortgage was assigned to Citimortgage, Inc. (CMI) by MERS, as "nominee for lender and lender's successors and/or assigns[.]" It is signed by Aaron Menne, described as a MERS Vice President. Doc. Ent. 8-3.

It appears that, at some point, obligations under the mortgage were not met, and CMI instituted foreclosure proceedings. Doc. Ent. 1-2 at 3, Doc. Ent. 8 at 11. The Sheriff's Deed is dated May 26, 2010 and was granted to the Federal National Mortgage Association (Fannie Mae) for consideration of $149.545.31. Doc. Ent. 1-5.

**2.**     On December 8, 2010, Mujahed Elhady, via counsel, filed a complaint against CMI in Wayne County Circuit Court (Case No. 10-014234-CH).  The sole cause of action was promissory estoppel, and the prayer for relief sought (a) enforcement of CMI's promise to allow the "short sale" of the property for $45,000 and (b) that the foreclosure be set aside.  Doc. Ent. 1-2 at 2-5.

On June 3, 2011, Judge Curtis entered an order granting CMI's motion for summary disposition, by which Elhady's claims against CMI were dismissed with prejudice and without costs.  Doc. Ent. 1-2 at 6.

On June 22, 2011, Elhady, via counsel, filed an appeal with the Michigan Court of Appeals (Case No. 304745).  Doc. Ent. 1-3.  On July 19, 2012, the Michigan Court of Appeals affirmed.

On August 30, 2012, Elhady, via counsel, filed an application for leave to appeal to the Michigan Supreme Court.  *See* www.coa.courts.mi.gov, "Case Inquiry."

**B.     Instant Case**

Meanwhile, on January 3, 2012, Dhekra Mufadhal filed a pro se complaint against CMI and Fannie Mae in Wayne County Circuit Court to quiet title as to the property known as 15138 Colson Street, Dearborn, Michigan 48126 (Case No. 12-000040-CH).  Therein, Mufadhal challenges Fannie Mae's standing to act and Menne's authority to act on behalf of Flagstar, CMI and Fannie Mae.  She requests that the Court (a) set aside the foreclosure procedures and

transfers, (b) enter judgment in their favor and (c) award additional relief, such as costs, expenses and attorney fees.  Doc. Ent. 1-4 at 2-5.[1]

On January 3, 2012, Judge Gillis entered an order to show cause.  Doc. Ent. 1-4 at 19-20.  However, CMI and Fannie Mae removed the case to this Court on January 19, 2012.  Doc. Ent. 1; *see also* Doc. Ent. 1-6.[2]

**C.     Pending Motion**

Judge Murphy has referred this case to me for all pretrial proceedings.  Doc. Ent. 3.  Currently before the Court is defendants CMI and Fannie Mae's July 17, 2012 motion for judgment on the pleadings.  Doc. Ent. 8.  Therein, defendants present these arguments:

    I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.

    II.    PLAINTIFF LACKS STANDING TO CHALLENGE THE FORECLOSURE SALE OR ASSERT ANY LEGAL INTEREST IN THE PROPERTY.

    III.   PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF LACHES AND UNCLEAN HANDS.

    IV.   PLAINTIFF IS NOT ENTITLED TO AN ORDER QUIETING TITLE TO THE PROPERTY.

Doc. Ent. 8 at 12-21.  Within the final argument, defendants assert that "The Foreclosure Was Proper And Plaintiff Lacks Standing To Challenge Any Assignment Of The Mortgage."  Doc. Ent. 8 at 20- 21.  By this motion, defendants request that the Court "(i) enter an order in their favor dismissing all of Plaintiff's claims with prejudice; (ii) award CMI and Fannie Mae their

---

[1] At the same time, Mufadhal filed an emergency motion for preliminary injunction and an order to show cause (Doc. Ent. 1-4 at 6-15, 18) and an affidavit (Doc. Ent. 1-4 at 16-17).

[2] Defendants answered the complaint on January 25, 2012.  Doc. Ent. 4.

costs and fees, including attorneys' fees incurred in having to defend this action; and (iii) grant any other relief this Court deems appropriate." Doc. Ent. 8 at 1-2, 21.

On July 20, 2012, I entered an order requiring plaintiff to file any response on or before August 20, 2012. Doc. Ent. 9. To date, plaintiff has not filed a response.

**D.    Order**

Accordingly, plaintiff Dhekra Mufadhal SHALL file any response to defendants' July 17, 2012 motion for judgment on the pleadings (Doc. Ent. 8) no later than Monday, October 8, 2012. Plaintiff is cautioned that a failure to file a response to defendants' motion may result in the entry of a report and recommendation by the undersigned that plaintiff's case be dismissed for failure to prosecute.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: September 6, 2012            s/ Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE