UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DHEKRA MUFADHAL,

                Plaintiff,

v.

CITIMORTGAGE, INC. and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                Defendants,
_____/

CASE NO. 2:12-CV-10251
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JULY 17, 2012
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. Ent. 8)**

**I.    RECOMMENDATION:** The Court should dismiss plaintiff Mufadhal's case against defendants CMI and Fannie Mae without prejudice pursuant to Fed. R. Civ. P. 41(b), because plaintiff has failed to prosecute this case. If the Court agrees with this recommendation, then it need not rule upon the merits of defendants CMI and Fannie Mae's July 17, 2012 motion for judgment on the pleadings. Doc. Ent. 8.

**II.   REPORT:**

**A.    Background**

**1.**    On January 30, 2004,[1] Mujahed T. Elhady and his wife, Dhekra Mufadhal, executed a mortgage on the property known as 15138 Colson, Dearborn, Michigan 48126 for consideration of $154,000.00. The mortgage lists Flagstar Bank as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee. Doc. Ent. 8-2.

---

[1]On the same day, Leila Jomaa granted a warranty deed on the property to Mujahed T. Elhady for consideration of $159,000.00. *See* www.waynecountylandrecords.com.

On April 20, 2010, the mortgage was assigned to Citimortgage, Inc. (CMI) by MERS, as "nominee for lender and lender's successors and/or assigns[.]" It is signed by Aaron Menne, described as a MERS Vice President. Doc. Ent. 8-3.

It appears that, at some point, obligations under the mortgage were not met, and CMI instituted foreclosure proceedings. Doc. Ent. 1-2 at 3, Doc. Ent. 8 at 11. The Sheriff's Deed is dated May 26, 2010 and was granted to the Federal National Mortgage Association (Fannie Mae) for consideration of $149,545.31. Doc. Ent. 1-5. The redemption period expired on November 26, 2010. Doc. Ent. 1-5 at 3.

**2.** On December 8, 2010, Mujahed Elhady, via counsel, filed a complaint against CMI in Wayne County Circuit Court (Case No. 10-014234-CH). The sole cause of action was promissory estoppel, and the prayer for relief sought (a) enforcement of CMI's promise to allow the "short sale" of the property for $45,000 and (b) that the foreclosure be set aside. Doc. Ent. 1-2 at 2-5.[2]

On June 3, 2011, Judge Curtis entered an order granting CMI's motion for summary disposition, by which Elhady's claims against CMI were dismissed with prejudice and without costs. Doc. Ent. 1-2 at 6.

On June 22, 2011, Elhady, via counsel, filed an appeal with the Michigan Court of Appeals (Case No. 304745). Doc. Ent. 1-3. On July 19, 2012, the Michigan Court of Appeals affirmed.

---

[2]It appears that Elhady also filed a notice of lis pendens. *See* www.waynecountylandrecords.com.

On August 30, 2012, Elhady, via counsel, filed an application for leave to appeal to the Michigan Supreme Court. CMI filed its brief in opposition on September 17, 2012. On September 19, 2012, the Michigan Supreme Court received the Court of Appeals and Wayne County Circuit Court files. *See* www.coa.courts.mi.gov, "Case Inquiry."

**B.     Instant Case**

Meanwhile, on January 3, 2012, Dhekra Mufadhal filed a pro se complaint against CMI and Fannie Mae in Wayne County Circuit Court to quiet title as to the property known as 15138 Colson Street, Dearborn, Michigan 48126 (Case No. 12-000040-CH). Doc. Ent. 1-4 at 2-5. For example, Mufadhal challenges Fannie Mae's standing to act; Menne's authority to act on behalf of Flagstar, CMI and Fannie Mae; and Fannie Mae's rights to the property at issue. Doc. Ent. 1-4 ¶¶ 8-10. She requests that the Court (a) set aside the foreclosure procedures and transfers, (b) enter a judgment in their favor and (c) award any additional relief, such as costs, expenses and any attorney fees attributable to this action. Doc. Ent. 1-4 at 5.[3]

On January 3, 2012, Judge Gillis entered an order to show cause. Doc. Ent. 1-4 at 19-20. However, CMI and Fannie Mae removed the case to this Court on January 19, 2012. Doc. Ent. 1; *see also* Doc. Ent. 1-6.[4]

**C.     Pending Motion**

---

[3]At the same time, Mufadhal filed an emergency motion for preliminary injunction and an order to show cause (Doc. Ent. 1-4 at 6-15, 18) and an affidavit (Doc. Ent. 1-4 at 16-17).

[4]Defendants CMI and Fannie Mae answered the complaint on January 25, 2012. Doc. Ent. 4.

3

Judge Murphy has referred this case to me for all pretrial proceedings. Doc. Ent. 3. Currently before the Court is defendants CMI and Fannie Mae's July 17, 2012 motion for judgment on the pleadings. Doc. Ent. 8. Therein, defendants present these arguments:

I. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.

II. PLAINTIFF LACKS STANDING TO CHALLENGE THE FORECLOSURE SALE OR ASSERT ANY LEGAL INTEREST IN THE PROPERTY.

III. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF LACHES AND UNCLEAN HANDS.

IV. PLAINTIFF IS NOT ENTITLED TO AN ORDER QUIETING TITLE TO THE PROPERTY.

Doc. Ent. 8 at 12-21. Within the final argument, defendants assert that "The Foreclosure Was Proper And Plaintiff Lacks Standing To Challenge Any Assignment Of The Mortgage." Doc. Ent. 8 at 20- 21. By this motion, defendants request that the Court "(i) enter an order in their favor dismissing all of Plaintiff's claims with prejudice; (ii) award CMI and Fannie Mae their costs and fees, including attorneys' fees incurred in having to defend this action; and (iii) grant any other relief this Court deems appropriate." Doc. Ent. 8 at 1-2, 21.

On July 20, 2012, I entered an order requiring plaintiff to file any response on or before August 20, 2012. Doc. Ent. 9. On September 6, 2012, I entered an order requiring plaintiff to file any response on or before October 8, 2012. Doc. Ent. 10. However, on or about October 10, 2012, plaintiff's copy of this order was returned to the Court on the basis that there is no such street as "Colon," the street to which plaintiff's copy was mailed. Doc. Ent. 11.[5]

---

[5]Both my July 20, 2012 order setting deadline (Doc. Ent. 9) and my September 6, 2012 scheduling order (Doc. Ent. 10) were mailed to Colon Street. Perhaps this is because the case

Therefore, on October 15, 2012, I entered an amended scheduling order setting the due date for a response for November 7, 2012. Doc. Ent. 12. My order expressly cautioned that "a failure to file a response to defendants' motion may result in the entry of a report and recommendation by the undersigned that plaintiff's case be dismissed for failure to prosecute." Doc. Ent. 12 at 4.

To date, plaintiff has not filed a response.

**D.    Discussion**

**1.    Defendants' July 17, 2012 motion for judgment on the pleadings is unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Also, "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

Therefore, in the absence of an order stating otherwise, plaintiff's response to defendants' July 17, 2012 dispositive motion was due on or about August 10, 2012. Fed. R. Civ. P. 6(d). However, as indicated above, my October 15, 2012 amended scheduling order (Doc. Ent. 12) gave plaintiff up to and including November 7, 2012 by which to file a response.

To date, plaintiff has not filed a response. Still, "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483 (2d Cir. 1996). *See also Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08–11851, 2010 WL 3023808, 1 (E.D. Mich.

---

caption of plaintiff's state court complaint lists her address as "15138 Colon Street". Doc. Ent. 1-4 at 2. Similarly, the certificate of service for the notice of removal to federal court lists plaintiff's address as "15138 Colon Street". Doc. Ent. 1 at 6.

Whatever the case may be, plaintiff's address of record is now listed as "15138 Colson Street".

July 29, 2010) (Rosen, J.) (in an order granting defendants' motion to dismiss and/or for summary judgment, this Court stated, "Plaintiff has failed to file a response. Having reviewed Defendants' brief in support of the motion and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process.") (internal footnote omitted).

**2.     It does not appear plaintiff's address has changed.**

At the time she filed her January 3, 2012 complaint in Wayne County Circuit Court, plaintiff's address was 15138 Colson Street, Dearborn, Michigan 48126.  Doc. Ent. 1-4 at 2.

The Local Rules of this Court provide that "[e]very attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."  E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

Plaintiff not having filed a change of address/contact information, 15138 Colson Street remains her address of record.  Therefore, the Court assumes plaintiff received its October 15, 2012 amended scheduling order (Doc. Ent. 12).

**3.     The Court should dismiss plaintiff's case against defendants CMI and Fannie Mae without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.**

**a.** Defendants' July 17, 2012 motion is based upon Fed. R. Civ. P. 8 ("General Rules of Pleading"), Fed. R. Civ. P. 12(c) ("Motion for Judgment on the Pleadings.") and Fed. R. Civ. P. 56 ("Summary Judgment"). Doc. Ent. 8 at 1, 5, 9 and 11. Specifically, defendants move for entry of "an order in their favor dismissing all of Plaintiff's claims with prejudice[.]" Doc. Ent. 8 at 1, 21.

However, upon consideration, the Court should dismiss plaintiff's case pursuant to Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."):

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362-363 (6th Cir. 1999). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll*, 176 F.3d at 363 (quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

"In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th

7

>Cir.1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Knoll*, 176 F.3d at 364.

**b.**     With the exception of her January 3, 2012 Wayne County Circuit Court complaint (Doc. Ent. 1-4 at 2-5) and related, same-day matters, such as a notice of hearing (Doc. Ent. 1-4 at 6-7), an emergency motion for preliminary injunction and an order to show cause (Doc. Ent. 1-4 at 8-10, 11-15 [Brief]), and an affidavit (Doc. Ent. 1-4 at 16-17), plaintiff has not filed anything in this case. Coupled with plaintiff's failure to respond to the pending dispositive motion, it appears that plaintiff has abandoned this case.

Therefore, considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) in an effort to impose a less drastic sanction, the Court should dismiss plaintiff's claims against defendants CMI and Fannie Mae without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b), *White v. Bouchard*, No. 05-73718, 2008 WL 2216281 (E.D. Mich. May 27, 2008) (Hood, J., adopting report and recommendation of Komives, M.J.).[6]

**4.     Defendants' July 17, 2012 request for costs and fees is premature.**

---

[6]In *White*, my report and recommendation stated: "Considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) the factor of imposing a less drastic sanction before granting defendant's request for dismissal with prejudice, the Court should dismiss plaintiff's complaint without prejudice for failure to prosecute. *Hill v. General Motors Corp.*, No. 88-3588, 1990 WL 25065, *1, *4 n. 2 (6th Cir. Mar.8, 1990) (affirming 'the district court's dismissal, without prejudice, of [a] diversity tort action for failure to prosecute[,]' the Court noted that '[i]n this case, the dismissal was without prejudice; thus, it was on its face a less severe sanction than th[at] authorized under Rule 41(b) and *Link*.' )." *White*, 2008 WL 2216281 at 5.

If the Court agrees with my recommendation, then it need not address the merits of defendants' July 17, 2012 motion for judgment on the pleadings (Doc. Ent. 8).  In any event, the July 17, 2012 request for an award of costs and fees, including attorney fees (Doc. Ent. 8 at 1, 21), is premature.  Should the Court enter judgment in favor of defendants, defendants may present a bill of costs to the Clerk of this Court pursuant to 28 U.S.C. § 1920 ("Taxation of costs") and Fed. R. Civ. P. 54(d)(1).  If defendants seek attorney fees, defendants should follow the procedure set forth in Fed. R. Civ. P. 54(d)(2).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE

Dated:11/19/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 19, 2012.
>
>                               s/Eddrey Butts
>                               Case Manager