UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DHEKRA MUFADHAL,

    Plaintiff,

Case No. 12-cv-10251

v.

HONORABLE STEPHEN J. MURPHY, III

CITIMORTGAGE, INC., et al.,

    Defendants.

                                         /

**ORDER ADOPTING REPORT & RECOMMENDATION** (docket no. 13)
**AND DISMISSING CASE FOR FAILURE TO PROSECUTE**

On January 3, 2012, Plaintiff filed an action in state court to quiet title to property located at 15138 Colson, Dearborn, Michigan 48126. Shortly thereafter, Defendants removed to this court. *See* Not. of Removal, ECF No. 1. This Court referred the matter to a magistrate judge for resolution of all pretrial matters and issuance of a Report and Recommendation on any dispositive motions. *See* Order Referring Pretrial Matters, ECF No. 3. Since referral to the magistrate judge, Defendants have filed a motion for judgment on the pleadings. *See* Answer, ECF No. 4; Mot. for J., ECF No. 8. The magistrate judge ordered Plaintiff to respond to the motion for judgment, ECF No. 9, and extended Plaintiff's response deadline several times, but Plaintiff did not file a response. *See* Order Requiring a Response, ECF No. 9; Scheduling Order re Mot. for J. ECF No. 10; Am. Scheduling Order, ECF No. 12. In a Report & Recommendation ("Report") issued November 19, 2012, the magistrate judge recommends this Court dismiss the action without prejudice for failure to prosecute pursuant to Civil Rule 41. *See* Report, ECF No. 13.

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report, filed within fourteen days of service, are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Plaintiff has not objected the magistrate judge's Report, but Defendants have filed an objection in which they ask only that any dismissal be entered *with* prejudice, rather than *without* prejudice. *See* Objections, ECF No. 14. Defendants argue that if the matter is dismissed without prejudice, Plaintiff is likely to simply bring a new action in order to delay defendant Fannie Mae's exercise of its rights with respect to the property. In support of this contention, Defendants note that in 2011, Plaintiff's husband sued defendant Citimortgage, Inc., regarding the same property in a state-court action which was dismissed with prejudice on June 3, 2011. *See* Elhady Compl. and Dismissal, ECF No. 8-5. And while appeal was pending in that action, Plaintiff filed the instant action but has failed entirely to pursue it on its merits.

Civil Rule 41(b) gives courts the authority to dismiss an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). The Civil Rule further provides that unless the dismissal order states otherwise, such a dismissal is an "adjudication on the merits" of the case, and is, therefore, a dismissal with prejudice. *Id.* Here, the magistrate judge ordered Plaintiff to respond to the motion for judgment, and warned her that her failure to respond could result in dismissal. *See* Am. Scheduling Order. Moreover, since the action was removed to this Court, Plaintiff has done nothing to pursue her claims. In such circumstances, it is the "prevailing practice throughout this circuit" to dismiss the action with prejudice. *See Funk v. Comm'r of Soc. Sec.*, 10-CV-14865, 2011 WL 2470999 (E.D. Mich. June 1, 2011) (collecting cases dismissing with prejudice under Civil Rule 41(b)). The Court finds that the same response is appropriate here.

**WHEREFORE** it is hereby **ORDERED** that the Court **ADOPTS** the Report and Recommendation of November 19, 2012 (docket no. 13), except that the Court will dismiss the action "with prejudice," rather than "without prejudice."

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2012, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager